UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

Nº 09-CV-1266 (JFB)(AKT)

———————

WILLIAM SCHUMACHER,

Plaintiff,

VERSUS

ROBERT WHITE,

Defendant.


ROBERT WHITE,

Third-Party Plaintiff,

VERSUS

ELEMCO INDUSTRIES, INC., ELEMCO TESTING CO., ELEMCO ELECTRICAL CONSTRUCTION CO.,

Third-Party Defendants.

———————

**MEMORANDUM AND ORDER**
April 29, 2010

———————

JOSEPH F. BIANCO, District Judge:

William D. Schumacher (hereinafter "Schumacher" or "plaintiff") brought this action for payment of money due under a guaranty against Robert J. White (hereinafter "White" or "defendant"). In particular, plaintiff alleges that defendant owes him money due under the terms of a guaranty entered into concurrent with and regarding the purchase of Schumacher's stock by Elemco Testing Co., Elemco Electrical Construction Co., Inc., and Elemco Industries, Inc. (collectively "Elemco" or "third-party

defendants"). White has also filed a third-party complaint against Elemco for indemnification if he is found liable to Schumacher for the money due under the guaranty.

Because Elemco is currently undergoing reorganization in the United States Bankruptcy Court for the Eastern District of New York (hereinafter "Bankruptcy Court"), Elemco removed this action from state court to federal court and has moved to refer this case to the Bankruptcy Court. Plaintiff Schumacher has moved to remand this case to state court. For the reasons set forth below, the Court denies third-party defendants' motion to refer the case to the Bankruptcy Court, and grants plaintiff's motion to remand to state court.

I. BACKGROUND

Elemco is a series of corporations engaged in the business of providing electrical contracting testing, services, and construction. (White Compl. ¶ 3.)[1] Defendant White is president, director, and fifty-percent shareholder of Elemco. (*Id.* ¶ 4.) Plaintiff Schumacher is a former shareholder of Elemco. (Compl. ¶ 5.)

According to plaintiff's complaint, on November 10, 2006, plaintiff and third-party defendants entered into a "Stock Purchase Agreement" whereby Elemco purchased all the shares of common stock in Elemco that were owned by Schumacher. (*Id.* ¶¶ 5, 6, 9.)

Concurrently, the parties executed a promissory note on behalf of Elemco, related to Elemco's payment to Schumacher for the shares. (*Id.* ¶¶ 5, 7, 9.) At the time that plaintiff entered into these agreements with Elemco, plaintiff also received a guaranty from defendant White that personally guaranteed payment of the promissory note. (*Id.* ¶ 5.) This was executed by White individually, in accordance with the terms of the Stock Purchase Agreement. (White Compl. ¶ 7.)

Schumacher alleges that Elemco defaulted under the terms of the note, and defendant White failed to make payments due according to the terms of the personal guaranty. (Compl. ¶ 1.) Plaintiff contends that defendant White executed the personal guaranty in order to induce plaintiff to enter into the Stock Purchase Agreement with Elemco. (*Id.* ¶ 5.)[2] The guaranty provides that Schumacher was selling his shares in Elemco pursuant to the Stock Purchase Agreement and that the Agreement requires that the guaranty be delivered at the closing of the purchase of the stock. (*See id.* ¶ 18, *see also id.* ¶ 16 ("This Note is guaranteed by Robert J. White, pursuant to a Guaranty of even date hereof, to the extent set forth in such Guaranty and a pledge of the stock being acquired by the Purchasers pursuant to the Purchase Agreement, pursuant to a Pledge Agreement of even date herewith.").) The guaranty specifically provides as follows:

> The Guarantor hereby guarantees, absolutely and unconditionally, the full payment, after the occurrence of

---

[1] Because there are two complaints in this action, one filed by plaintiff Schumacher and the other filed by defendant/third-party plaintiff White, the Court refers to Schumacher's complaint as "Complaint" and to White's as "White Complaint."

[2] The stock purchase agreement with Elemco includes the personal guaranty of defendant White as one of the documents delivered concurrently with the agreement. (Compl. ¶ 8.)

2

an Event of Default . . . of the principal and accrued interest then due and payable under the Note.

This guaranty is an absolute and unconditional guaranty of payment and not merely collection. If the Purchasers shall be in default in their payment obligations under the Notes, Guarantor shall pay to Seller any and all amounts due to the Seller, including expenses incurred by the Seller in connection with enforcing its rights hereto. This Guaranty shall be enforceable against Guarantor without the necessity of any suit or proceeding on the Seller's part against the purchasers, and without the necessity of any notice to Guarantor of non-payment or any other notice or demand, all of which Guarantor hereby expressly waives.

(*Id.* ¶¶ 20, 21.) Plaintiff alleges that Elemco continues to be obligated to pay principal and interest under the Note (*id.* ¶ 23), and, therefore, that defendant has defaulted on his obligation due to plaintiff under the guaranty, under which $600,000 is still outstanding. (*Id.* ¶ 33.)

## II. PROCEDURAL HISTORY

On November 19, 2008, third-party defendants filed voluntary petitions for Chapter 11 reorganization in the Bankruptcy Court, case numbers 08-76561, 08-76562, 08-76563. On December 31, 2008, plaintiff commenced the instant action against defendant White in Supreme Court, County of Nassau. On February 6, 2009, defendant White filed an answer to the complaint and also filed a third-party complaint against third-party defendants Elemco Testing Co., Elemco Electrical Construction Co., Inc., and Elemco Industries, Inc.

Due to the pending bankruptcy, and with the intention of this proceeding being referred to the Bankruptcy Court, on March 26, 2009, third-party defendants removed the action to federal court. On April 2, 2009, third-party defendants wrote to this Court requesting that the case be transferred to the Honorable Judge Alan S. Trust of the Bankruptcy Court due to the Elemco proceedings under the above-referenced case numbers. On April 16, 2009, plaintiff Schumacher filed a letter objecting to the referral of the action to the Bankruptcy Court. On April 17, 2009, third-party defendants replied, offering additional support for their request for referral. On February 19, 2010, this Court issued an order denying Elemco's motion to refer this proceeding to the Bankruptcy Court for determination of the remand issue. The Court requested that the parties submit supplemental briefs regarding whether the case should be referred to the Bankruptcy Court or remanded to state court. (Order, Feb. 19, 2010, at DE [7].) Both parties submitted supplemental briefs on April 9, 2010. The Court has fully considered the submissions of the parties.

## III. DISCUSSION

Third-party defendants have requested that this case be referred to the Bankruptcy Court, to Judge Trust for consolidation with the currently pending Elemco reorganization proceedings. Plaintiff has objected to such transfer, arguing that this action is unrelated to the Elemco bankruptcy proceedings, and concurrently moves for the case to be remanded to state court. The Court agrees with plaintiff and declines to refer the case to the Bankruptcy Court; instead, the case is remanded to state court for determination of

3

plaintiff's claims.

Plaintiff initially filed this action in state court. On March 26, 2009, third-party defendants removed this action to this Court under 28 U.S.C. § 1452(a). That section states:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

*Id.* However, after a case that is removed to federal court under § 1452, the non-removing party may move to have the case remanded to state court. 28 U.S.C. § 1452(b) instructs that:

> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452(b). Accordingly, this Court may remand the case to state court based on "any equitable ground." *Id.* An "equitable" ground is one that is "fair and reasonable." *In re Cathedral of the Incarnation in the Diocese of Long Island*, 99 F.3d 66, 69 (2d Cir. 1996). Subsequent case law has instructed district courts to consider the following factors when determining whether equity demands that a case removed under § 1452(a) be remanded to state court: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants. *Drexel Burnham Lambert Group Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (Bankr. S.D.N.Y. 1991).

District courts may refer removed cases to bankruptcy court if the case arises under or is related to a title 11 proceeding. 28 U.S.C. § 157 provides for the jurisdiction of bankruptcy courts in cases under title 11 and all core proceedings arising under title 11:

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
>
> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(a), (b)(1). Bankruptcy judges may also hear proceedings that are "related to" cases or core proceedings under title 11. "An action is 'related to' a case under title 11

if the outcome of [the action] could conceivably have any effect on the estate being administered in bankruptcy." *Drexel*, 130 B.R. at 407 (citation and internal quotation marks omitted). However, in those cases, the bankruptcy judge may not issue a final order or judgment but rather must submit findings of fact and conclusions of law to the district court judge. Specifically:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1). With this in mind, this Court proceeds to examine the parties' arguments in favor of remand and referral, respectively.

The Court first examines the nature of the primary lawsuit in this case. Plaintiff Schumacher's sole cause of action is against defendant White in his individual capacity. Plaintiff brings this action against defendant based on a guaranty executed by White in favor of Schumacher. This action is not a "core proceeding" arising under Title 11 of the U.S. Code, as defined by 28 U.S.C. § 157. A "core proceeding" is a proceeding "arising under title 11, or arising in a case under title 11 . . . . A proceeding arising under title 11, or arising in a case under title 11 is one which would have no existence outside of the bankruptcy case." *In re J.T. Moran Fin. Corp.*, 119 B.R. 447, 450 (Bankr. S.D.N.Y. 1990) (citations omitted). Schumacher's action against White is a straightforward contractual action, and Schumacher has not filed an action against Elemco itself for breach of the Stock Purchase Agreement. The Court recognizes that a bankruptcy court has jurisdiction to resolve a dispute between third parties "if it is impossible to administer completely the estate of the bankrupt without determining the controversy." *First State Bank & Trust Co. v. Sand Springs State Bank*, 528 F.2d 350, 353 (10th Cir. 1976). However, where, as here, the primary lawsuit is between third parties, there is no need for the Bankruptcy Court to resolve the dispute. Indeed, "[a] court of bankruptcy has no power to entertain collateral disputes between third parties that do not involve the bankrupt or its property, nor may it exercise jurisdiction over a private controversy which does not relate to matters pertaining to bankruptcy. *In re Paso Del Norte Oil Co.*, 755 F.2d 421, 424 (5th Cir. 1985) (citing *In re Shirley Duke Assocs.*, 611 F.2d 15, 18 (2nd Cir. 1979); *First State Bank & Trust Co.*, 528 F.2d at 353-54; and *Associated Elec. Supply Co. v. C.B.S. Elec. Sales Corp.*, 288 F.2d 683, 684 (8th Cir. 1961)). "Even if resolution of the controversy might have a 'chilling effect' on the [disposition of the bankruptcy], or might reduce claims against the debtor's estate, [a bankruptcy court's exercise of] jurisdiction over a collateral controversy is improper where it is 'possible' to administer the estate without resolving the controversy." *Id.* at 425 (citing *In re N.Y. & Worcester Express, Inc.*, 294 F. Supp. 1163, 1165 (S.D.N.Y. 1968) and *First State Bank & Trust Co.*, 528 F.2d at 353-54). Here, it is possible for the lawsuit between Schumacher and White to be resolved without affecting the debtor's estate. This lawsuit involves a guaranty between two

5

private individuals. To be sure, White entered into the guaranty in his individual capacity. Merely because White was guaranteeing a separate contract between plaintiff and a corporation that is now in bankruptcy does not automatically bring this suit within the jurisdiction of the Bankruptcy Court. Here, third-party defendants seek to remove a state court action that plaintiff has filed against defendant White. A "debtor's removal of an action which, in effect, stays a state court action not only against itself but against a non-debtor co-defendant is inequitable." *In re Comtek Elecs., Inc.*, 23 B.R. 449, 451 (Bankr. S.D.N.Y. 1982) (citing *In re Greco*, 3 B.R. 18, 20-21 (Bankr. D. Haw. 1979)). Thus, the nature of plaintiff's action against defendant weighs in favor of remand.

The Court also notes that Schumacher need not proceed against Elemco in order to proceed against White on the guaranty. The guaranty specifically provides: "This Guaranty shall be enforceable against Guarantor without the necessity of any suit or proceeding on the Seller's part against the purchasers, and without the necessity of any notice to Guarantor of non-payment or any other notice or demand, all of which Guarantor hereby expressly waives." (Compl. ¶ 21.) Accordingly, it is not clear that Elemco is a necessary party to this action. Rather, the fact that White and Schumacher executed such a guaranty tends to suggest that the parties intended to enable Schumacher to recover the payments due under the Promissory Note even if Elemco entered bankruptcy—and to be able to do so without the necessity of filing a claim in or otherwise becoming a party to the bankruptcy proceeding.

The Court recognizes that White has filed a third-party complaint against Elemco for indemnification in full if he is found liable to Schumacher. Specifically, White's third-party complaint states that "if [p]laintiff has is [sic] awarded any damages and should recover any judgment against White, such recovery will fall within the provisions of the 'Stock Purchase Agreement' and 'Promissory Note' between Schumacher and Elemco, and Elemco will be obliged to indemnify and hold harmless White to any such extent that White is held liable to [p]laintiff." (White Compl. ¶ 11.) Thus, third-party defendants contend that, because they are involved in this suit, the entire case thereby must be referred to the Bankruptcy Court.

The debtor is not a necessary party to this litigation, and defendant should not be able to implead third-party defendants in order that he might gain the protections of bankruptcy offered to debtor. *Cf. In re Czuba*, 146 B.R. 225, 229-30 (Bankr. D. Minn. 1992) (finding, in the context of a attempt to modify a discharge injunction, that the debtor was not a necessary party when debtor was jointly and severally liable with non-debtor codefendants and noting that "[t]he debtor should be voluntarily dismissed from the state court proceeding so that [plaintiff] can proceed against the other defendants, and if voluntary dismissal is not possible then the debtor should move the state court for such a dismissal"); *accord In re Sewell*, No. 03-10764, 2004 WL 3623506, at *2-3 (Bankr. N.D. Ga. Nov. 9, 2004). "The Bankruptcy Code contemplates that creditors will be able to proceed against the guarantors and codebtors notwithstanding the automatic stay" on the property of the estate, *United States v. Dos Cabezas Corp.*, 995 F.2d 1486 (9th Cir. 1993) (citing *Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121 (4th Cir. 1988)), and thus will be able to proceed outside of the

bankruptcy court's jurisdiction.[3] Moreover, White's claim against third-party defendants for indemnification is not ripe—such claim will not arise until White is found liable to plaintiff on the Guaranty.

Third-party defendants claim that they have significant claims against Schumacher arising from the same transactions and occurrences that give rise to plaintiff's claims against White. Specifically, debtors suggest that they have fraudulent transfer claims against Schumacher, arising under the Bankruptcy Code and New York State law. *See* 11 U.S.C. §§ 544(b), 548; N.Y. Debt. & Cred. Law §§ 273, 274, 275. The Court recognizes that such avoidance actions are "core proceedings," which would warrant referral to the Bankruptcy Court. However, significantly, although this case has been pending in this Court for over one year, third-party defendants have not asserted such claims against plaintiff—neither in this proceeding, nor in the bankruptcy reorganization proceedings currently pending under Judge Trust. This Court declines to refer this case to the Bankruptcy Court based on the contingency that third-party defendants will assert avoidance actions against plaintiff.

The Court further notes that the underlying causes of action contained in Schumacher's complaint and White's complaint are state law claims. Schumacher's action is on a guaranty, and White's action against third-party defendants is for indemnification. Concededly, there is no indication that these claims are in any way novel or that they "involve arcane or idiosyncratic provisions of state law that would warrant abstention based on comity concerns." *Kirschner v. Bennett*, 07 Civ. 8165 (GEL), 2008 WL 1990669, at *8 (S.D.N.Y. May 6, 2008) (citation omitted). However, "Congress has made it plain that, in respect to noncore proceedings such as this (i.e., cases which assert purely state law causes of action), the federal courts should not rush to usurp the traditional precincts of the state court." *Drexel*, 130 B.R. at 409. Moreover, here, as in other cases:

> The only relationship of the defendants with the bankruptcy proceeding is the possibility that [the debtor] may indemnify [defendants] in the event that plaintiffs prevail in this action. In other cases involving state law actions that potentially implicate claims for indemnification, courts have held that if defendants "acquire an indemnification claim, [they] can assert it in the bankruptcy case," and jurisdiction should not be retained on that basis.

*Digital Satellite Lenders, LLC v. Ferchill*, No. 03 Civ. 8803 (RWS), 2004 WL 1794502, at *6 (S.D.N.Y. Aug. 10, 2004) (citing *Skinner v. Janus*, 99-CV-0887E(M), 2000 WL 432806, at *3 (W.D.N.Y. Apr.14, 2000) and *In re Masterwear Corp.*, 241 B.R. 511, 521

---

[3] The Court recognizes that a bankruptcy judge may hear a related proceeding, *see* 28 U.S.C. § 157(c)(1), but without the consent of all parties (which appears to be absent here, based on plaintiff's objection), as noted *supra*, "[i]n such proceeding, the bankruptcy judge shall submit the proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(2). Thus, any findings of liability of White to Schumacher would have to be reviewed by this Court even if the case were referred to the Bankruptcy Court.

(Bankr. S.D.N.Y. 1999)).

Furthermore, plaintiff has requested a jury trial, and if this case were "consolidated with the bankruptcy proceeding, as the [third-party] defendants have requested, the [plaintiff's] right to a jury trial might be compromised." *See Digital Satellite Lenders*, 2004 WL 1794502, at *6 (citation omitted). The instant action involves a non-core proceeding, and "[d]emands for jury trials in non-core proceedings have been considered a sufficient ground for an equitable remand." *Drexel*, 130 B.R. at 408-09. Finally, as to prejudice, the Court observes that removal here was made by the third-party defendants; plaintiff opposes the removal of the action, and defendant White has not joined in third-party defendants' motion nor expressed any view regarding remand or referral. Plaintiff faces significant prejudice: if the case is referred, plaintiff may lose his right to a jury trial, and defendant White may be able to take advantage of bankruptcy protection afforded to the third-party defendants. "The bankruptcy proceeding is meant to protect the debtor, not third-party guarantors." *In re Larmar Estates, Inc.*, 5 B.R. 328, 331 (E.D.N.Y. 1980). This weighs in favor of remand. *See Whitney Lane Holdings, LLC v. Don Realty, LLC*, No. 08-cv-775 (GKS)(RFT), 2010 WL 1257879, at *7 (N.D.N.Y. Mar. 26, 2010).

The aforementioned factors militate in favor of remand and weigh heavily against referral. Accordingly, the Court declines to refer the case based on a contingent, unripe claim for indemnification and remands the case to state court.

IV. CONCLUSION

For the foregoing reasons, the motion for referral to the Bankruptcy Court is denied, and plaintiff's motion to remand is granted. The action is hereby remanded to the Supreme Court of the State of New York, Nassau County.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: April 29, 2010
Central Islip, New York

\* \* \*

The attorney for plaintiff Schumacher is Harry Chris Demiris of Abrams, Fensterman, Fensterman, 1111 Marcus Avenue, Suite 107, Lake Success, NY 11042. The attorney for defendant/ third-party plaintiff White is Eric Ross Bernstein of Eric R. Bernstein, P.C., 260 Madison Avenue, 18th Floor, New York, NY 10016. Third-party defendant Elemco is represented by James Glucksman of Rattet, Pasternak & Gordon Oliver, LLP, 550 Mamaroneck Avenue, Harrison, NY 10528.

8